SCAD-19-0000055

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

CLAYTON C. IKEI,
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case No. 16-O-032)

ORDER OF PUBLIC CENSURE
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the January 23, 2019 report submitted to this court by the Disciplinary Board of the Hawai'i Supreme Court, the record submitted contemporaneously with that report, and the briefs submitted by counsel for Respondent Clayton Ikei and the Office of Disciplinary Counsel (ODC), we make the following findings, and reach the following conclusions, based upon clear and convincing evidence.

We conclude Ikei improperly withheld the bulk of the United States Department of Veterans Affairs' (VA) funds from his former client R.Y. for 74 days, when he knew he had no right to

those funds, and used his control of them to attempt to obtain agreement from R.Y. and R.Y.'s new attorney, Elbridge Smith, to agree to pay the amount he had invoiced them for the assistance provided by him and his Associate in preparing the petition for fees and costs. His conduct in this regard violated Hawai'i Rules of Professional Conduct (HRPC) Rules 1.15(d) and 1.15(e) (2014).

We also conclude Ikei demonstrated a lack of candor by misleading Smith and R.Y. to believe he would not disburse the invoiced amount to himself without their permission when, in fact, he had already done so, in violation of HRPC Rule 8.4(c) (2014).

We also find, however, that R.Y. and Smith did agree to pay Respondent Ikei for fees and costs incurred by him and his Associate in assisting them with the preparation of the petition and that Ikei had valid grounds for asserting a claim to the disputed funds.

We conclude that the $6,695.47 in funds remain in dispute and, therefore, that the funds should remain in the client trust account until such time as the parties take steps to resolve the dispute. See Comment [3] to HRPC Rule 1.15.

We find, in aggravation, that Respondent Ikei has two prior minor disciplinary violations; evinced a dishonest or selfish motive, committed multiple violations in the present matter, refused to acknowledge the wrongful nature of his conduct with regard to the disputed funds, and has substantial experience

in the practice of law.  We find, in mitigation, that he made a full and free disclosure and evinced a cooperative attitude in the disciplinary proceedings, and we find he has a good reputation of character in the legal community.  We find the mitigating factors in this matter outweigh the aggravating factors and find this disciplinary matter arose from a single incident at the conclusion of Respondent Ikei's legal career.  We further find that the record supports the conclusion that Respondent Ikei has now entered retirement from the practice of law.  Therefore,

IT IS HEREBY ORDERED that Respondent Clayton Ikei is publicly censured, pursuant to RSCH Rule 2.3(a)(3).

IT IS FURTHER ORDERED that Respondent Ikei shall bear the costs of these disciplinary proceedings, upon the submission and approval of a verified bill of costs from the Office of Disciplinary Counsel, pursuant to RSCH Rule 2.3(c).

DATED: Honolulu, Hawai'i, November 21, 2019

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



3